IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD MITCHELL, | : | CIVIL NO. 1:CV-09-2548 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JEROME WALSH, et al., | : | |
| Respondents | : | |

### MEMORANDUM

Edward Mitchell ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 28, 2009. In the petition, he challenges his 2001 conviction by the Dauphin County Court of Common Pleas, Pennsylvania, on charges of Second Degree Murder. Robbery, and Criminal Conspiracy. Pending before the Court is Petitioner's Motion to Lift the Stay imposed in this case on March 29, 2012 (Doc. No. 55.)

**I.  Background**

In conducting a preliminary review of the original habeas corpus petition filed in this matter pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, the Court determined the petition to contain both exhausted and unexhausted claims. In addition, Petitioner advised the Court that there was pending in the Supreme Court of Pennsylvania a petition for allowance of appeal of the Superior Court's dismissal of a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 et seq. Because the appeal addressed grounds set forth in the federal habeas petition, this Court issued a stay of the above proceedings pursuant to Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). (Doc. No. 6.)

Following notification from Petitioner that the Supreme Court had denied his petition for

allowance of appeal, the Court lifted the stay in this action on September 22, 2010, and issued an Order with Notice of Limitations on Filing of Future Petitions under 28 U.S.C. § 2254. (Doc. No. 17.) Petitioner was given leave to withdraw his Section 2254 petition without prejudice to file another Section 2254 petition raising all grounds for relief from his conviction. He was afforded 30 days to notify the Court of his decision and notified that his failure to do so would result in the Court ruling on his habeas petition as filed. He was further advised that if he elected to file a new all-inclusive petition, he must do so before the expiration of the one-year statute of limitations to ensure the protection of his rights.

On October 19, 2010, Petitioner submitted an amended habeas petition and supporting memorandum of law. (Doc. Nos. 19, 20.) The Petition raises the following claims: (1) that the trial court's prejudicial and unconstitutional charge on reasonable doubt violated Petitioner's due process rights, (2) that the Commonwealth's improper introduction of prejudicial statement of a non-testifying co-defendant violated Petitioner's Sixth Amendment right to confrontation of witnesses, and (3) that the trial court's denial of Petitioner's actual innocence claim after substantive proof of innocence presented by the defense violated Petitioner's due process rights.[1] (Doc. No. 19, Am. Pet. at 8-9.)

An order was issued directing service of the amended petition on Respondents. (Doc. No. 23.) Following an extension of time, a response and supporting exhibits were filed on June 17, 2011. (Doc. Nos. 27-30.) Petitioner filed his traverse on August 1, 2011, following an enlargement of time. (Doc. No. 33.) On March 27, 2012, the Court received correspondence

---

[1] In this third ground for relief, Petitioner claims that he had newly discovered evidence in the form of a declaration given to the private investigator from a previously unknown person who admitted to playing the role in the slaying that was attributed to Petitioner.

from Petitioner seeking to stay consideration of his petition pending the outcome of a subsequent PCRA petition based upon newly discovered recantation evidence. The Court verified that another PCRA petition was pending before the Dauphin County Court of Common Pleas challenging Petitioner's conviction and, accordingly, imposed a second stay in the above action. (Doc. No. 38.) Petitioner was directed to provide the Court with monthly status reports regarding his pending PCRA petition.

On December 13, 2013, Petitioner filed a motion to lift the current stay. (Doc. No. 55.) In the motion, he informed the Court that his co-defendant Karim Eley was successful on appeal to the Third Circuit in obtaining habeas corpus relief with respect to the same issue he raises in ground #2 (Sixth Amendment Confrontation Clause claim) of his habeas petition. See Eley v. Erickson, 712 F.3d 837 (3d Cir. 2013), cert. denied, 134 S. Ct. 254 (Oct. 7, 2013). He states that the Third Circuit found that Eley's non-testifying co-defendants' confessions were admitted against him in violation of the Confrontation Clause of the Sixth Amendment under Bruton v. United States, 391 U.S. 123 (1968). The Third Circuit found that the Bruton error substantially influenced the jury verdict and that habeas relief was warranted. Based on the decision in Eley, Petitioner requests the stay in his case to be lifted so that he can immediately have the Court address this claim as presented in his habeas petition.

Prior to any decision on his motion to stay, Petitioner filed a document on May 2, 2014 inquiring as to the status of his motion. (Doc. No. 58.) He emphasizes his desire to have the stay in his habeas action lifted to allow the Court to address his Bruton claim in light of the Eley decision. He acknowledges the fact that his PCRA petition is still pending before the Pennsylvania courts. Specifically, he states that although the Dauphin County Court of Common

Pleas denied his PCRA on April 8, 2014, his appeal therefrom is currently pending before the Pennsylvania Superior Court. However, he advises the Court that he no longer wishes to pursue the new evidence claim being litigated in said PCRA because he feels it will take "six months to a year or more to be ruled on by the Superior Court." (Id.) His filing clearly expresses his intent to forego awaiting the exhaustion of said claim in the State courts, and requests this Court to lift the current stay and proceed on his habeas petition in light of the Eley decision. However, because it is not clear to the Court that the Petitioner is aware that his PCRA petition is now under advisement by the Superior Court of PA (see attached Ex. A), the Court will afford Petitioner fourteen (14) days to affirm or withdraw his request to lift the stay. Failure to respond within fourteen days will result in the Court lifting the stay.

Petitioner is advised that should he affirm his desire to lift the stay without awaiting the results of his pending PCRA appeal, and have this Court lift the stay and rule on his federal habeas petition, only those claims set forth in his federal petition that are exhausted will be addressed on the merits. Petitioner will be forfeiting his right to proceed in a second or successive Section 2254 petition on any new grounds absent his ability to meet the rare circumstances set forth in 28 U.S.C. § 2244(b)(2). An appropriate order follows.