IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD MITCHELL,                        :
    Petitioner                          :     No. 1:09-cv-02548
                                        :
                                        :     (Judge Kane)
                                        :     (Chief Magistrate Judge Schwab)
JEROME WALSH,                           :
    Respondent                          :

## MEMORANDUM

Before the Court is the Report and Recommendation of Chief Magistrate Judge Schwab, recommending the denial of Defendant's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 94.) Upon review of the amended § 2254 petition, the Report and Recommendation, and Petitioner's objections thereto, the Court will adopt the Report and Recommendation in its entirety.

### I.   BACKGROUND

On August 10, 2001, a jury convicted Petitioner Edward Mitchell and his co-defendants, Kariem Eley and Lester Eiland, of second-degree murder, robbery, and conspiracy to commit robbery in connection with the July 2000 homicide and robbery of Angel DeJesus in Harrisburg, Pennsylvania. Com. v. Mitchell, No. 782-2014, 2015 WL 7726738, at *1-2 (Pa. Super. Ct. Jan. 12, 2015). Petitioner is serving a term of life imprisonment for second-degree murder at the State Correctional Institution in Dallas, Pennsylvania. (Doc. No. 94 at 16; see Doc. No. 19 at 4.)

Petitioner filed a petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 on December 28, 2009 (Doc. No. 1), and an amended petition on October 19, 2010 (Doc. No. 19). In his amended § 2254 petition, Petitioner raises three grounds for relief: (1) the trial court's jury charge defining reasonable doubt violated Petitioner's Fourteenth Amendment due process rights and right to a fair trial; (2) the prosecution "improperly introduced a prejudicial

1

statement of a non-testifying co-defendant" in violation of the Sixth Amendment's Confrontation Clause; and (3) the Petitioner's actual innocence claim was erroneously denied by the Pennsylvania state courts. (Doc. No. 19 at 8-10.)

On December 12, 2016, Chief Magistrate Judge Schwab issued a Report and Recommendation, recommending that the amended petition for writ of habeas corpus be denied. (Doc. No. 94.) Petitioner filed objections to the Report and Recommendation on January 10, 2017. (Doc. No. 99.) Petitioner filed a brief in support of his objections on January 10, 2017 (Doc. No. 100), and a motion to supplement the record on January 31, 2017 (Doc. No. 101).

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the writ of habeas corpus may only be granted on behalf of a petitioner in custody pursuant to the judgment of a state court if that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief with respect to any claim that was adjudicated on the merits at the state court level unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). Williams v. Taylor, 529 U.S. 362 (2000).[1]

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Petitioner filed eight objections to the Report and Recommendation. (Doc. No. 99.) Six of the objections concern Petitioner's Confrontation Clause challenge, one objection addresses the trial court's jury charge defining reasonable doubt, and the final objection pertains to Petitioner's actual innocence claim. (Id.) The Court first addresses Petitioner's challenge under the Sixth Amendment's Confrontation Clause.

### A. Sixth Amendment confrontation right

Petitioner contends that the trial court violated his Sixth Amendment confrontation right by (1) admitting the testimony of Matthew LeVan, which detailed co-defendant Lester Eiland's confession to murdering Angel DeJesus, and (2) failing to effectively provide a limiting instruction as to those statements. (Doc. No. 100 at 37, 39.) Petitioner's Sixth Amendment challenge focuses on the following testimony offered by Matthew LeVan during Petitioner's joint trial with Kariem Eley and Lester Eiland:

> Q. Now, if you can, describe for the jury the conversation you had with Lester Eiland while you were in the jail cell playing cards.
> A. He said about the sawed-off shotgun was used and a .380 pistol, and there was two other guns used and one was hidden in a brick close to where it happened at.
> Q. Did he say what kind of crime it was?
> A. Homicide
> Q. Or began as?
> A. Homicide – no, it was a robbery.
> Q. Did he say what happened?
> A. He said they – they, as in whoever was with him – he didn't say the names of those people – when he went up to them, it was supposed to be a robbery, and he was – <u>he's the one that shot him, but he didn't mean to do it. It was the other two's idea</u> or something like that, in that sense.

(Id. at 16) (emphasis in original); accord (Doc. No. 28-2 at 59.) Petitioner maintains that the reference to "they" and "the other two's idea . . . ." tied him "to the robbery conspiracy and rendered him an accomplice to the murder." (Id. at 38-39.)

3

In her Report and Recommendation, Chief Magistrate Judge Schwab determined that Petitioner's Sixth Amendment challenge lacked merit because Lester "Eiland's statements to LeVan and Taylor were not testimonial" and, therefore, the Confrontation Clause is inapplicable to Eiland's statements. (Doc. No. 94 at 55.) In doing so, Magistrate Judge Schwab concluded it was proper to apply "the Crawford line of cases here even though Crawford was not decided at the time the state court ruled." (Doc. No. 94 at 57) (citing Desai v. Booker, 538 F.3d 424, 429 (6th Cir. 2008)). The propriety of the Court's consideration of Crawford v. Washington, 541 U.S. 36 (2004), is a focus of Petitioner's objections and this Memorandum. (See Doc. Nos. 99 ¶¶ 1-4; 100 at 31.)

Specifically, Petitioner objects to Magistrate Judge Schwab's reliance on Crawford and its progeny to recommend the denial of the amended § 2254 petition despite the fact that "a similarly situated co-defendant received habeas corpus relief from the Third Circuit on an identical Confrontation Clause and Due Process claim" in Eley v. Erickson, 712 F.3d 837 (3d Cir. 2013) ("Eley").[2] (See Doc. Nos. 99 ¶ 1; 100 at 31.) In doing so, Petitioner also challenges Chief Magistrate Judge Schwab's interpretation of 28 U.S.C. § 2254(a) as mandating a "current or forward-looking" review of the state-court decision (see Doc. Nos. 99 ¶¶ 4, 5; 100 at 33), and

---

[2] In Eley v. Erickson, one of Petitioner's co-defendants, Karim Eley, filed a habeas petition and asserted "that his Sixth Amendment confrontation right was violated when his non-testifying co-defendants' confessions were admitted against him at their joint trial." Id. at 841-42, 854. The Third Circuit agreed and held that "the Superior Court's affirmance of the trial judge's denial of Eley's motion to sever was an unreasonable application of Bruton and its progeny." Id. at 859. In reaching its holding, the Eley Court rejected the Superior Court's reliance on: (1) a jury instruction that Lester Eiland's confession was "to be used as evidence against only the individual who made the statement;" and (2) the fact that Lester Eiland's confession was "redacted to omit any reference to [Karim] Eley's name." Id. at 858-59. The Third Circuit determined that Lester Eiland's "statement that '[i]t was the other two's idea' directly implicated both [Karim] Eley and [Petitioner Edward] Mitchell as his co-conspirators and accomplices." The Third Circuit in Eley also determined that the error was not harmless as the "the Bruton error substantially influenced the jury's verdict" and granted Karim Eley habeas relief on his Bruton claim. Id. at 861.

4

her conclusion that Eley and Bruton have limited "application or precedential value" to the determination of whether to grant Petitioner habeas relief (see Doc. No. 99 ¶¶ 2-3).[3] The Court construes Petitioner's objections as broadly challenging Chief Magistrate Judge Schwab's application and consideration of Crawford despite Eley's silence on Crawford and the fact that Crawford was decided by the Supreme Court after the last relevant state-court decision addressed the merits of Petitioner's Bruton challenge. (See Doc. No. 100 at 31.)

   1.   **The § 2254(d)(1) Analysis**

Chief Magistrate Judge Schwab noted in her Report and Recommendation that the Eley Court did not consider "whether Eiland's statements were testimonial" and proceeded to apply Crawford and its progeny to Petitioner's Sixth Amendment challenge. (Doc. No. 94 at 53-54.) Petitioner objects to the application of Crawford, stressing that Crawford was decided after the Superior Court's September 22, 2003 decision, and urges this Court to follow the Third Circuit's decision in Eley. (Doc. No. 100.) Petitioner argues that "the Third Circuit's focus in Eley upon Bruton and its progeny, as opposed to Crawford, was an appropriate application of the relevant review standard, and the Magistrate's basis for limiting the extension of Eley to Mr. Mitchell is in error." (Id. at 31.)

As a general matter, 28 U.S.C. § 2254(d)(1) requires "federal courts to 'focu[s] on what a state court knew and did,' and to measure state-court decisions 'against [the Supreme] Court's precedents as of 'the time the state court renders its decision.'" Greene v. Fisher, 565 U.S. 34, 38 (2011) (emphasis in original) (quoting Cullen v. Pinholster, 563 U.S. 170, 182 (2011)). "[C]learly established [f]ederal law" within the meaning of 28 U.S.C. § 2254(d)(1) encompasses

---

[3] Magistrate Judge Schwab concluded that, "because the Third Circuit in Eley did not address the Crawford issue, we are not precluded from doing so here." (Doc. No. 94 at 54) (quoting Waller v. Varano, 562 F. App'x 91, 95 n.5 (3d Cir. 2014)).

5

Supreme Court decisions that "were announced at the time of the last state court merits adjudication." Brian R. Means, Postconviction Remedies § 29:29 (2016).[4]

On September 22, 2003, the Superior Court of Pennsylvania rejected Petitioner's argument on direct appeal that the trial court abused its discretion in refusing to sever Petitioner's trial from that of his two co-defendants.[5] (Doc. No. 29 at 47.) The September 22, 2003 decision was the last state-court decision that addressed the merits of Petitioner's Sixth Amendment confrontation right challenge. (Doc. No. 100 at 31.) As Petitioner emphasizes in his submissions to the Court (see Doc. No. 100 at 31), the universe of Supreme Court opinions in September 2003 did not include Crawford. The Supreme Court decided Crawford on March 8, 2004. Crawford, 541 U.S. at 36.

Here, the Court finds no error in Chief Magistrate Judge Schwab's analysis under 28 U.S.C. § 2254(d)(1) given that the Report and Recommendation appears to concede that Petitioner may have satisfied 28 U.S.C. § 2254(d)(1). (Doc. No. 94 at 59.) This concession is evidenced by Chief Magistrate Judge Schwab's lengthy discussion as to why, "even if the Superior Court unreasonably applied Bruton and its progeny, Mitchell is not entitled to a writ of habeas corpus." (Id.) Chief Magistrate Judge Schwab followed the approach that 28 U.S.C. §

---

[4] An exception to this general rule is where a later-decided Supreme Court decision "simply illustrates the appropriate application of a Supreme Court precedent that pre-dates the state-court determination." Frazer v. South Carolina, 430 F.3d 696, 716 (4th Cir. 2005) (Motz, J., concurring) (emphasis added); see also Rompilla v. Horn, 355 F.3d 233, 275, 291 (3d Cir. 2004) (Sloviter, J., dissenting) (recognizing a distinction between a post-dated opinion that illustrates the "proper application" of the law and a post-dated opinion that creates "new law") (citing Wiggins v. Smith, 539 U.S. 510, 522 (2003)). Here, the Court is unpersuaded that Crawford represents a mere clarification or illustration of Bruton, Richardson, and Gray.

[5] The Superior Court of Pennsylvania reasoned that the Sixth Amendment was not violated because none of Eiland's redacted "statements referred to [Petitioner] or directly implicated him in any way." (Id.)

2254(d) is "a necessary, but not a sufficient, condition for habeas relief." Desai v. Booker, 538 F.3d 424, 428 (6th Cir. 2008) (quoting Jackson v. McKee, 525 F.3d 430, 438 (6th Cir.2008)).

Writing separately in the Third Circuit's Dennis v. Secretary, Pennsylvania Department of Corrections decision, Judge Jordan noted that:

> Section 2254(d) thus sets forth a necessary, but not sufficient, prerequisite to habeas relief only for those claims adjudicated on the merits in state court. If that high bar is cleared—i.e., the state court's decision is so unreasonable or contrary to federal law as established by the Supreme Court—we are still restricted to granting habeas relief only if the petitioner has shown he is in custody in violation of federal law under § 2254(a). In that second analysis, we review the petitioner's claim de novo, without deference to the state court's legal conclusions.

834 F.3d 263, 349 n.6 (3d Cir. 2016) (Jordan, J., concurring in part). Decisions from the United States Court of Appeals for the Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits also lend authority to the proposition that satisfying § 2254(d)(1) does not automatically entail the granting of habeas relief. See, e.g., Mosley v. Atchison, 689 F.3d 838, 853 (7th Cir. 2012); McGahee v. Alabama Dep't Of Corr., 560 F.3d 1252, 1266 (11th Cir. 2009); Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc); Desai, 538 F.3d at 428; Rose v. Lee, 252 F.3d 676, 691 (4th Cir. 2001). Therefore, the Court agrees with Chief Magistrate Judge Schwab's decision not to end the Report and Recommendation's analysis with § 2254(d)(1) and to proceed to a "de novo" review of Petitioner's amended § 2254 petition. (Doc. No. 94 at 56.)

The question that then remains is whether Chief Magistrate Judge Schwab properly considered Crawford in its "de novo" review of Petitioner's Sixth Amendment challenge. The Court first turns to whether Teague's non-retroactivity rule precludes Chief Magistrate Judge Schwab's application of Crawford.

### 2. **Teague** Rule

In Teague v. Lane, the Supreme Court established that, "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be

7

applicable to those cases which have become final before the new rules are announced."[6] 489 U.S. 288, 310 (1989). Chief Magistrate Judge Schwab concluded that the Supreme Court's decision in Teague v. Lane, 489 U.S. 288 (1989), does not preclude consideration of Crawford or its progeny. (Doc. No. 94 at 58.)

Chief Magistrate Judge Schwab reasoned that, "under Teague, Crawford cannot be applied retroactively to grant a petition for a writ of habeas corpus. But that does not mean that Crawford cannot be applied retroactively to deny a petition for a writ of habeas corpus." (Id.) Petitioner argues that Chief Magistrate Judge Schwab's reasoning conflicts with the Supreme Court's decision in Greene v. Fisher, 565 U.S. 34, 38 (2011), and upends the "interests of repose and finality" addressed in Teague. (See Doc. No. 100 at 34.) Petitioner appears to view Chief Magistrate Judge Schwab's reliance on Teague as a means "to justify the application of a new rule of criminal procedure." (Doc. No. 99 ¶ 6.)

The Court finds Petitioner's arguments unavailing for the following two reasons. First, Crawford was decided after the "last relevant state-court decision," for purposes of 28 U.S.C. § 2254(d)(1), but before Petitioner's conviction became "final" for purposes of Teague. Greene v. Palakovich, 606 F.3d 85, 104 (3d Cir. 2010), aff'd sub nom. Greene v. Fisher, 565 U.S. 34 (2011). Second, the Third Circuit has remarked that "Teague only applies to a change in the law that favors criminal defendants." Flamer v. State of Del., 68 F.3d 710, 725 n.14 (3d Cir. 1995) (emphasis in original); see Delgadillo v. Woodford, 527 F.3d 919, 928 (9th Cir. 2008) ("A habeas petitioner, on the other hand, may not raise Teague to bar the application of a new rule."); Free v. Peters, 12 F.3d 700, 703 (7th Cir. 1993).

---

[6] "Finality occurs when direct state appeals have been exhausted and a petition for writ of certiorari from this Court has become time barred or has been disposed of." Greene v. Fisher, 565 U.S. 34, 39 (2011) (citing Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987).

8

Accordingly, the Court will overrule Petitioner's objection regarding Chief Magistrate Judge Schwab's application of Teague. The Court next turns to Chief Magistrate Judge Schwab's de novo review of Petitioner's Sixth Amendment challenge and her consideration of Crawford therein.

### 3. De Novo Review

Chief Magistrate Judge Schwab ultimately determined that Petitioner's Sixth Amendment challenge lacked merit because Lester "Eiland's statements to LeVan and Taylor were not testimonial" and, therefore, "Bruton and the Confrontation Clause are inapplicable." (Doc. No. 94 at 55.) In essence, Chief Magistrate Judge Schwab concluded that Petitioner is not in custody "in violation of the Constitution" because Lester Eiland's statements do not fall "within the purview of the Confrontation Clause." (Doc. No. 94 at 57, 59-60.) Petitioner contends that the "de novo standard" does not entail "changing the relevant legal standard 180 degrees from a backward-looking one as discussed in Greene to a current or forward-looking one." (Doc. No. 100 at 33.)

As previously discussed, "[i]f the state court's opinion was unreasonable . . . then § 2254(d) no longer applies. A prisoner still must establish an entitlement to the relief he seeks, and it is § 2254(a), not § 2254(d), that sets the standard . . . ." Aleman v. Sternes, 320 F.3d 687, 690 (7th Cir. 2003). 28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). The language of § 2254(a) has been cited as a basis to deny a petitioner habeas relief where the petitioner fails to establish that "he is being

9

held in violation of current Supreme Court precedent." See Doan v. Carter, 548 F.3d 449, 458 (6th Cir. 2008); see also BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 3:69 (2017).

For example, in Doan v. Carter, the United States Court of Appeals for the Sixth Circuit required a state-prisoner petitioner to demonstrate that the state-court decision was "was contrary to, or a misapplication of," both former and current Supreme Court precedent:

> Notwithstanding the fact that [Petitioner] Doan must establish that the state court's decision was contrary to, or a misapplication of Roberts, Doan must also establish that the state court's decision was contrary to, or a misapplication of, Crawford. This is because AEDPA allows a writ of habeas corpus to issue on behalf "of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). This Court has previously explained that a showing that a state court misapplied Roberts is "a necessary, but not a sufficient, condition for habeas relief," because "[t]he goal of the great writ is not to correct the misapplication of overruled precedents." Desai v. Booker, 538 F.3d 424, 428, 430 (6th Cir.2008) (quotations omitted).

Doan v. Carter, 548 F.3d 449, 457 (6th Cir. 2008). The Sixth Circuit's approach in Doan v. Carter broadly reflects the principle that federal courts sitting in habeas are "restricted to granting habeas relief only if the petitioner has shown he is in custody in violation of federal law under § 2254(a)." See Dennis, 834 F.3d at 349 n.6 (Jordan, J., concurring in part).

As Chief Magistrate Judge Schwab discussed in her Report and Recommendation, the Third Circuit has since interpreted Crawford and its progeny to provide that "where nontestimonial hearsay is concerned, the Confrontation Clause has no role to play in determining the admissibility of a declarant's statement." United States v. Berrios, 676 F.3d 118, 126 (3d Cir. 2012). The Third Circuit determined that "[a]ny protection provided by Bruton is therefore only afforded to the same extent as the Confrontation Clause, which requires that the challenged statement qualify as testimonial." Id. at 128. "'Testimonial' statements under the Confrontation Clause are those made by 'witnesses' who 'bear testimony,' such as by making a 'formal

10

statement to government officers,' and are not statements made casually to acquaintances."
Waller v. Varano, 562 F. App'x 91, 94 (3d Cir. 2014) (citations omitted).

Petitioner does not challenge the characterization of Lester Eiland's statements to Matthew LeVan as "non-testimonial" as defined by Crawford. (Doc. No. 100.) As a general rule, "statements made by one inmate to another . . . are not testimonial." United States v. Pelletier, 666 F.3d 1, 9 (1st Cir. 2011) (collecting cases). Here, Eiland made the challenged, out-of-court statement to LeVan, a fellow inmate, while they were playing cards in the jail cell.[7] (See id. at 16.) LeVan testified that he struck up a conversation about playing cards "on the second tier" while the two of them "were at the phones." (Doc. No. 28-2 at 58; Tr. at 422: 2-11.) According to LeVan's testimony at trial, while Eiland and LeVan were playing cards in the jail cell and talking about their cases, Eiland discussed the "cabbie situation" and made the challenged, out-of-court statement to LeVan. (Id. at 58, 60, 63; Tr. at 422: 25; 423: 1-6, 22-25; 430: 4-9; 442: 20-24.) Even accepting Petitioner's earlier characterization of LeVan as "a jailhouse informant" (Doc. No. 20 at 18), Eiland's casual statements to LeVan while playing cards do not qualify as "testimonial" for purposes of the Confrontation Clause.

Given that the Third Circuit has narrowed Bruton and its progeny to testimonial statements, and that co-defendant Lester Eiland's challenged confession does not qualify as a testimonial statement, see Berrios, 676 F.3d at 128, the Court agrees with Chief Magistrate Judge Schwab that Petitioner "is not entitled to a writ of habeas corpus on his Confrontation Clause claim because the statements that underlie that claim . . . are not within the purview of the Confrontation Clause." (Doc. No. 94 at 59-60.) Thus, as to his Sixth Amendment challenge,

---

[7] LeVan also testified that, while LeVan and Lester Eiland were incarcerated at Dauphin County Prison, LeVan witnessed Eiland "jumping up and down" in reaction to a local 6 o'clock newscast and saying: "That was me; that was me; and it was about the cabdriver being shot and . . . ." (Doc. No. 28-2 at 57.)

11

Petitioner is not entitled to habeas relief because Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a).

### B. Actual Innocence Claim and Jury-Instruction Claim

Petitioner also filed objections arguing that: (1) the record does "satisfy the standard for demonstrating a freestanding claim of actual innocence;" and (2) "trial court's charge on reasonable doubt lowered the Commonwealth's burden of proof by directing the jury to discount defense evidence and argument." (See Doc. No. 99 at ¶¶ 7, 8.) The Court finds that Magistrate Judge Schwab correctly and comprehensively addressed the substance of Plaintiff's objections on these matters in the Report and Recommendation, and the Court will not write separately to address them.

### C. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, (2003).

Here, the Court is persuaded that reasonable jurists could disagree with Chief Magistrate Judge Schwab and this Court's application of Crawford and its progeny in its de novo review of Petitioner's Sixth Amendment Confrontation Clause challenge. When granting habeas relief to Petitioner's co-defendant, Kariem Eley, based on an identical Bruton claim, the Third Circuit in

Eley did not mention Crawford in its discussion of Bruton, Richardson, and Gray, discuss the testimonial or non-testimonial nature of Lester Eiland's challenged confession, or proceed to conduct a "de novo" review under 28 U.S.C. § 2254(a).[8]  See Eley v. Erickson, 712 F.3d 837, 855-62 (3d Cir. 2013).  Therefore, the Court will issue a certificate of appealability in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will adopt the Report and Recommendation.  An order consistent with this memorandum follows.

---

[8] However, the Court is cognizant that, in a footnote in Waller v. Varano, the Third Circuit remarked that "the parties in Eley did not mention, and the Eley Court did not consider or rule on, the Crawford issue." 562 F. App'x 91, 95 n.5 (3d Cir. 2014).